**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LEON WAYNE REDDER, KENT E. HOVIND, and PAUL JOHN HANSEN,** | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 1:25-cv-493-KD-N** |
| **v.** | ) | |
| **STATE OF ALABAMA, *et al.*** | ) | |
| **Defendants.** | ) | |

## ORDER

This case is before the Court on (1) Plaintiffs' motion to proceed without prepayment of the civil action filing fee (Doc# 2, hereinafter "Motion"), and (2) Plaintiffs' separate and distinct motion to proceed *in forma pauperis* (Doc# 3, hereinafter "IFP Motion"). These motions have been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a)-(b). See docket sheet reference notations dated 12/22/2025 and 3/2/2026.

In the Motion (Doc# 2), Plaintiffs do not invoke 28 U.S.C. § 1915 or otherwise state a desire to proceed *in forma pauperis* ("IFP"). Rather, Plaintiffs allege that it is unconstitutional for the federal judiciary to demand payment of filing fees in quantities of U.S. dollars; that "Plaintiffs do not wish to make any payment that is not authorized by" the U.S. Constitution; that Article 1, Section 10 of the U.S. Constitution "prevents states from making anything but gold/silver coin legal tender

for debts"; and, that "Plaintiffs are unable to ascertain gold and silver to accommodate parity with any filing fee demanded by the court." "Wherefore … Plaintiffs, wish, under right of man, to proceed without cost …."

In accordance with a congressionally enacted federal statute concerning the federal courts, 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350" and "such additional fee . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Currently, the "additional fee" is $55, which makes the total filing fee $405. The Motion does not contain citations to any case law for the proposition that Plaintiffs should be excused from paying the required filing fee in U.S. dollars ("$") as explicitly required by federal statute. Also, the Court is unaware of any such authority.

Moreover, contrary to Plaintiffs' contention, it is not the legal tender of any "state" that is at issue. Federal legal tender is what matters here, and that has been declared by the United States Congress to be U.S. dollars. See 31 U.S.C. § 5103. Article 1, Section 8 of the U.S. Constitution provides, among other things as relevant here, that Congress shall have the Power "To coin Money, regulate the Value thereof" and "To constitute Tribunals inferior to the supreme Court," that is, federal courts like this Court.

For the foregoing reasons, the Motion (Doc# 2) is **DENIED**. Pursuant to 28 U.S.C. § 1914, Plaintiffs must pay the applicable filing fee of $405 unless they prove

entitlement to IFP status under 28 U.S.C. § 1915, discussed *infra*.

In their IFP Motion (Doc# 3), "Plaintiffs respectfully … move … to proceed … without prepaying filing fees or court costs, pursuant to 28 U.S.C. § 1915 …." A district court may grant a plaintiff permission to proceed without prepayment of such fees under 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).[1]

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). However, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986),[2] and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

[2] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee . . . .To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

Cir. 1984) (per curiam). Nevertheless, "while a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (per curiam) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915 . . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (citation omitted)).

> When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault,* 525 F.2d 886, 891 ([5]th Cir. 1976). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338–40, 69 S. Ct. 85, 88–89, 93 L. Ed. 43 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id.* at 339, 69 S. Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id.* at 339–40, 69 S. Ct. at 89. . . . The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. *O'Neal v. United States,* 411 F.2d 131, 138 (5th Cir. 1969); *Phipps v. King,* 866 F.2d 824, 825 (6th Cir. 1988); *Besecker v. State of Ill.,* 14 F.3d 309, 310 (7th Cir. 1994) (per curiam).

*Martinez*, 364 F.3d at 1307 (footnotes omitted). "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee*

*Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam) (unpublished)[3] (citing *Martinez*, 364 F.3d at 1307-08).

There are three Plaintiffs in this action. However, to date, only one of them – Paul John Hansen – has filed a sworn affidavit or declaration concerning inability to pay the filing fee. See IFP Motion (Doc# 3). The Court cannot properly consider the IFP Motion unless and until each of the other two Plaintiffs file a proper affidavit or declaration swearing to inability to pay the filing fee.[4] Also, the IFP Motion is defective because it was filed on behalf of all three "Claimants/Plaintiffs" by Plaintiff Paul John Hansen, who has not represented himself to be a licensed attorney authorized to appear in this Court as legal counsel for the other two Plaintiffs. The other two Plaintiff's did not sign the IFP Motion.

Accordingly, Plaintiffs are **ORDERED** to, no later than **SEPTEMBER 25, 2026**, **either** (1) pay to the Clerk of Court in U.S. dollars the $405 civil action filing fee **or** (2) supplement the pending IFP Motion (Doc# 3) with (a) a sworn declaration or affidavit executed by Plaintiff Leon Wayne Redder concerning ability to pay the filing fee, (b) a sworn declaration or affidavit executed by Plaintiff Kent E. Hovind concerning ability to pay the filing fee, (c) a supplemental sworn declaration or affidavit executed by Plaintiff Paul John Hansen concerning ability to pay the filing

---

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] *E.g., Barrow v. Elba Nursing Home & Rehab.*, 2023 WL 11796235, at *1 (M.D. Ala. Aug. 3, 2023).

fee (for the reason stated below), and (d) either a joint document or two separate documents filed by Plaintiff Leon Wayne Redder and Plaintiff Kent E. Hovind stating that he joins in the IFP Motion (Doc# 3) and which bears his own signature in accordance with Fed. R. Civ. P. 11. Each sworn declaration or affidavit must be separate (one for each Plaintiff), be on this Court's form "Motion to Proceed Without Prepayment of Fees," and include all facts supporting a claim to entitlement to IFP status. The directive regarding submission of the Court's IFP form includes Plaintiff Paul John Hansen because the form AO 240 that he submitted with the pending IFP Motion is not this Court's IFP form.

The Court's IFP form can be found at https://www.alsd.uscourts.gov/sites/alsd/files/forms/IFPMotion-localAO240.pdf. Unless the plaintiff in question is currently an incarcerated prisoner, each Plaintiff is instructed to ignore pages 1 and 6 of said IFP form.

Plaintiffs' failure to comply with this Order may result in the entry of a recommendation to a District Judge of this Court that the Plaintiffs be denied leave to proceed IFP in this action and that this action be dismissed without prejudice for failure to prosecute this action and/or failure to obey a court order. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may dismiss an action for failure to prosecute and obey a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket); *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal");

*Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

## NOTICE TO *PRO SE* PLAINTIFFS

All three Plaintiffs are proceeding *pro se*, that is, without legal counsel. Each Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until the party registers with

the Clerk of Court to electronically file with the Court,[5] that party must handwrite his signature in order to satisfy Rule 11(a).[6] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any

[5] See Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3).

[6] *See Becker v. Montgomery*, 532 U.S. 757, 763-64 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[7]

**DONE** and **ORDERED** this the 25th day of August 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

[7] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders